UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| WANDA S. JACKSON, | : | CASE NO. 11-76864 - WLH |
| | : | |
| DEBTOR. | : | |

**MOTION TO REOPEN BANKRUPTCY CASE**

Guy A. Van Baalen, Acting United States Trustee for Region 21, moves to reopen this case, pursuant to Bankruptcy Code section 350(b) and Federal Rule of Bankruptcy Procedure 5010, to enable the U.S. Trustee to appoint a chapter 7 trustee who can evaluate an estate asset that was reserved by order of this Court and determine whether to administer or abandon the asset.

1. Wanda S. Jackson (the "Debtor") commenced this case on September 15, 2011 (the "Petition Date"), by filing a petition for relief under chapter 7 of the Bankruptcy Code. On November 3, 2011, the Court granted Debtor's motion to convert the case to chapter 13. Dkt. No. 27. On March 27, 2012, the Court reconverted Debtor's case to chapter 7. Dkt. No. 46.

2. On the Petition Date, Debtor had a one-third future interest in improved real property in Florida identified as 1911 N.W. 47th Terrace, Miami, FL, 33142 (the "Florida Property"). Doc. No. 86; Amended Schedule C, Doc. No. 75.

3. On the Petition Date, Debtor's step-mother had a life estate interest in the Florida Property under Florida law. Dkt. No. 86.

4. The United States Trustee appointed Robert Trauner ("Trustee Trauner") as chapter 7 trustee.

5. On April 17, 2012, Trustee Trauner held and concluded the section 341 meeting of creditors.

6. On June 22, 2012, Trustee Trauner made a Report of Assets and requested that the Court set a deadline for filing proofs of claim; the Court did so the next day, setting a claims deadline for June 23, 2015. Dkt. No. 66.

7. On December 5, 2012, Trustee Trauner filed a Motion for an Order Reserving Asset as Property of the Estate (the "Motion"), explaining that the estate's interest in the Florida Property "will have a much greater value at the time [her stepmother's] life estate has concluded. Dkt. No. 86. Trustee Trauner requested the Court enter an order providing that Debtor's interest in the Florida Property would remain property of the bankruptcy estate following closure—and that the case could be reopened to administer the asset upon the conclusion of the life estate interest. *Id.*

8. No party filed a response or appeared in opposition to the Motion. The Court granted the Motion on December 31, 2012, ordering that the Debtor's interest in the Florida Property remain property of the bankruptcy estate after closing. Dkt. No. 87.

9. On January 2, 2013, Trustee Trauner filed a Report of No Distribution. Dkt. No. 88. On January 22, 2013, the Court entered an order discharging the trustee from his duties, closing the bankruptcy estate, and closing the case. Dkt. No. 50.

10. To bring finality to this matter, the United States Trustee requests the Court reopen the case to enable the United States Trustee to appoint a chapter 7 trustee who can investigate the status of the Florida Property and make a fully informed decision about its ultimate disposition.

11. Because Trustee Trauner resigned from the chapter 7 trustee panel in February 2020, he is no longer eligible to be appointed as chapter 7 trustee in this case. *See* 11 U.S.C. § 703 (providing that, if a case is reopened pursuant to Code section 350, the United States Trustee "shall appoint one disinterested person that *is* a member of the panel of [chapter 7] trustees established under [28 U.S.C. § 586(a)(1)] to serve as trustee in the case." (emphasis added)).

12. Section 350 of the Bankruptcy Code authorizes the Court to reopen a case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b).

13. Rule 5010 provides that a case may be reopened on motion of a party in interest and that a trustee shall not be appointed by the United States Trustee unless the Court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case. Fed. R. Bankr. P. 5010.

14. The United States Trustee is a party in interest and may raise and may appear and be heard on any issue in any case or proceeding under title 11. 11 U.S.C. § 307.

15. The property, even if it is of no value, ought not remain indefinitely trapped in an inaccessible estate: "[D]enying the motion to reopen and ignoring the property of the estate is not a solution." *In re Upshur*, 317 B.R. 446, 452 (Bankr. N.D. Ga. 2004).

16. Motions to reopen are administrative in nature and may be considered ex parte, without notice or hearing. 11 U.S.C. 350(b); Fed. R. Bankr. P. 5010 and 9013. "[T]he reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *In re Menk*, 241 B.R. 896, 913 (9th Cir. B.A.P. 1999).

[continued on following page]

WHEREFORE the United States Trustee requests that the Court reopen the above-captioned case and, pursuant to Rule 5010, find that appointment of a trustee is necessary to insure efficient administration of the case.

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

/s/

Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4478
lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Reopen Bankruptcy Case* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

| | |
|---|---|
| Lisa F. Caplan | nbrown@rlselaw.com, akhosla@rlselaw.com, ruluecf@gmail.com, BKRL@ecf.courtdrive.com, abricker@rlselaw.com, lcaplan@rlselaw.com |
| William Russell Patterson | mmorian@rbspg.com, astone@rbspg.com, wrpjr@rbspg.com |
| Robert Trauner | GA03@ecfcbis.com |

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Wanda S. Jackson
2294 Newnan Street
East Point, GA 30344

Elliot L. Miller
5420 North Bay Road
Miami Beach, FL 33140-2032

/s/
Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4478
lindsay.p.kolba@usdoj.gov